MAY BUNNELL, Plaintiff, *v.* KEYSTONE VARNISH COMPANY, Defendant.

Supreme Court, Special Term, Kings County, April 18, 1938.

*Carlo F. Salvador*, for the plaintiff.

*Philip E. Good*, for the defendant.

HALLINAN, J. In and about the month of August, 1935, the plaintiff entered into an employment agreement with the defendant, to act as a lecturer and advisor and assist it in the sale of its products by appearing in various cities, to assist defendant's customers in their decoration problems and in questions of interior decoration in general. That prior to such appearances the defendant would

insert advertisements in newspapers and distribute circulars and advertisements in the locality in which plaintiff was to appear, announcing such appearance. In the month of May, 1936, after plaintiff had been continuously in the employ of the defendant, she was taken ill and was unable to perform the above described services. Thereafter she recovered, offered to resume work for the defendant, but the defendant refused to permit her to do so and informed her that it had employed another person. For a period of eighteen months subsequent to May, 1936, and up to the commencement of this action, without the knowledge and consent of the plaintiff, the defendant by means of newspaper advertisements and printed matter and otherwise, advertised and represented that the plaintiff was still in the employ of the defendant and would appear in order to advise its customers.

These, briefly, are the facts pleaded in the complaint herein and must, for the purposes of this motion to dismiss the second cause of action for legal insufficiency, be deemed to be true.

The first cause of action is predicated upon the provisions of section 51 of the Civil Rights Law, pursuant to which the plaintiff prays for damages in the sum of $10,000 and for an injunction restraining the continuance of the use of the plaintiff's name for advertising or trade purposes.

The second cause of action alleges that by reason of the acts of the defendant as aforesaid, plaintiff has suffered great loss, was greatly injured in her reputation and " the defendant has been unjustly enriched by the unlawful use of the plaintiff's name and reputation as an interior decorator and advisor," to the plaintiff's damage in the sum of $5,000.

It is urged by the defendant that this cause of action is fatally defective because it is based upon the theory of fraud and deceit and plaintiff has failed to allege definitely, facts showing that she has suffered pecuniary loss; that in any event the plaintiff misapprehends the scope of her first cause of action under which she may recover all damages, however the same may have arisen, including punitive damages by reason of the wrongful circulation of the printed matter; and that inasmuch as she can recover in the first cause of action all she is entitled to receive, she should be confined to that cause of action.

In construing the second cause of action as one in fraud and deceit, the defendant is in error, for the gravamen of that cause of action is the unjust enrichment of the defendant by the unlawful use of plaintiff's name and reputation as an interior decorator and advisor for a period of some eighteen months, and it is on the basis of quasi-contract that recovery is sought therein for the value of the benefits received by the defendant by such use.

By affirmative defense it is alleged among other things that prior to plaintiff's illness, an advance schedule for lectures and demonstrations which plaintiff was to give, had been prepared, and large quantities of circulars and printed matter ordered with the knowledge and consent of plaintiff; that the plaintiff was advised and had knowledge of such circulars and their use, and that the defendant believed it had plaintiff's permission and consent to so use them.

It would seem at first blush that the two causes of action are inconsistent, the first being for a wrong in violation of the right of privacy — in disaffirmance of any contractual relation — and the second based upon a contract implied in law; but in the opinion of the court both may be disposed of in one action, for if it is found upon the trial that the use of plaintiff's name was licensed or permitted by her, she cannot recover in the said first cause of action, but may still recover on the basis of the defendant's unjust enrichment by the use of plaintiff's name, as pleaded in the second cause of action.

The motion is accordingly denied. Submit order.