Samuel H. Hofstadter, J.
Defendant moves for judgment dismissing the second and third causes of action pursuant to subdivision 1 of rule 107 and the fifth cause of action pursuant to subdivision 4 of rule 106 of the Rules of Civil Practice. In the second cause of action plaintiff alleges it acquired an exclusive sales agency from the defendant to continue “ so long as the plaintiff’s sales in the said areas constituted a reasonable percentage of the defendant’s total production.” Thus the contract was of indefinite duration and furnished no contingency for full performance and at' the same time for termination of the defendant’s obligation thereunder. Plaintiff’s right to terminate would be based not on performance but on nonperformance and in defeat of the contract. Defendant’s right to terminate would likewise be based on nonperformance, and more importantly, upon a circumstance and contingency wholly within plaintiff’s power. Defendant possesses no power under the agreement to terminate unconditionally and as of right. Its *166 right of termination arises only by reason of plaintiff’s failure to perform. While, as plaintiff argues, in the light of the special circumstances of this case it may have been the intended purpose to bargain for performance in the course of the standard fixed in the alleged agreement, and failure to achieve the standard may be considered as concluding performance with the right to terminate, yet the agreement would continue indefinitely with no fixed right in defendant to terminate its obligation in the event plaintiff maintained sales at all times meeting the required standard. The second cause of action is not maintainable.
In the third cause of action plaintiff alleges that it purchased from the defendant, and defendant sold to the plaintiff, a certain product and its necessary accessories of the agreed price and reasonable value of $1,000,000. Deliveries were made of a value approximating $166,000 and further delivery has been refused. Plaintiff insists that negotiations and discussions were undertaken with respect to the $1,000,000 purchase and that a minimum thereof was prepared and “ executed ”. This memorandum, says plaintiff, has not been located but it has been supplied by the defendant. Plaintiff also insists that those deliveries which were made and accepted by the plaintiff were in pursuance of this single contract, and not in accordance with separate contracts covering each delivery as defendant contends. The document to which plaintiff refers is on the order form of the plaintiff, is dated September 17, 1958 and covers “ 1 million lineal feet Permadrain trough & accessories As quoted.” It is said that a lineal foot is $1, and therefore the order would be for $1,000,000.' Plowever, it is further stated on that order form, “ Specific quantities and accessories to be furnished and shipping instructions for warehouses and drop shipments to follow. To be released by October 1, 1959, based on letter and agreement as furnished.”
Neither party has furnished to the court any other letter, agreement or document which may be covered by the reference in the matter above quoted. In any event, the order of September 17,1958 was not accepted or acknowledged by the defendant, and is not a -writing signed by the party to be charged. It was after the document of September 17,1958 that orders were given, 50 in number as stated by the defendant, for the sale and delivery of defendant’s product in pursuance of such orders. In each instance the order was upon the order form of the plaintiff, and after receipt thereof was duly acknowledged and accepted by the defendant in writing upon its own order form. These facts are not specifically denied, nor is the fact that on none *167 of the plaintiff’s order forms was any reference made to the. document of September 17, 1958 as the initiating order or to the purchase order number thereon contained, to wit, 35777. It is to be noted, for example, that upon the subsequent order of October 3, 1958 there appears the plaintiff’s purchase number, 36222. Accordingly, plaintiff has failed to establish that any of the deliveries and payments made are at all referable to the document of September 17, 1958. The third cause of action is not maintainable.
The fifth cause of action is based, as plaintiff contends, upon claimed breach of warranty in the sale of goods. Its statement is prolix and obscure and violates the provisions of section 241 of the Civil Practice Act. It is reasonable to be inferred that plaintiff did purchase, by description, the product manufactured by' the defendant and it was to be, and was, resold by the plaintiff as distributor thereof to builders who were to use it for its intended purposes, all with the knowledge of the defendant. It is then alleged that some of plaintiff’s customers found the product to be defective, that defendant was duly informed thereof, and that to the extent that any Permadrain • purchased by the plaintiff from the defendant is in fact defective, the defendant has breached the warranty of merchantability. An allegation of defect is insufficient to make the complaint good, since there is no categorical statement of the existence of any specified defect or variance of the product delivered from the product as warranted. In addition, plaintiff seems to allege upon conditions broken, to be found in another contract with the defendant, or at least in another contract with one of plaintiff’s customers. What these conditions are, is not set forth and, therefore, the allegation of condition broken is conclusory. It would appear that a statement of a cause of action based upon breach of warranty would not require the use of 22 separately numbered paragraphs.
The alternate relief sought pursuant to rules 102 and 103 of the Civil Practice Act affects the fifth cause of action, and it is not reached.
The motion is granted dismissing the second, third and fifth causes of action, with leave to plaintiff to serve an amended complaint within 20 days from service of a copy of this order with notice of entry.