■ MARIO ANDRETTI, Appellant, v ROLEX WATCH, U.S.A., INC., Respondent, et al., Defendant. MARIO ANDRETTI, Appellant-Respondent, v ROLEX WATCH, U.S.A., INC., et al., Respondents-Appellants. — Order, Supreme Court, New York County (Cahn, J.), entered December 8, 1980 denying plaintiff's motion for partial summary judgment, is reversed, on the law, and plaintiff's motion for partial summary judgment is granted as to liability only under section 51 of the Civil Rights Law, without costs. Order, Supreme Court, New York County (Cahn, J.), entered July 8, 1980 granting the motion of defendant Rolex to direct answers to interrogatories, is reversed, in the exercise of discretion, and said order is vacated and the interrogatories are stricken, without prejudice to an application or notice by defendant for disclosure in the light of the issues as limited by the grant of partial summary judgment, without costs. As to the claim that plaintiff has assigned his publicity rights to a third person, we are satisfied from reading the so-called assignment that plaintiff has not purported to grant away his entire right to protection under section 51 of the Civil Rights Law, quite apart from the question of whether such a right is assignable at all. (Cf. *Brinkley v Casablancas,* 80 AD2d 428, citing *Rosemont Enterprises v Random House,* 58 Misc 2d 1, affd 32 AD2d 892.) Many of the issues sought to be argued by defendant are precluded by this court's decision in *Brinkley v Casablancas (supra,* pp 440, 441). In that case, this court said: "Irrespective of whether a separate and distinct common-law right of publicity exists in this State, we believe that the so-called right of publicity is subsumed in sections 50 and 51 of the Civil Rights Law to the extent that even a public figure has a privacy interest which finds recognition in the statute and for the violation of which a remedy of monetary redress is provided. * * * But the statute does not distinguish between the private person for whom injured feelings may be the paramount concern and the public figure whose right of privacy is limited in any event by public interest considerations, but whose economic interests are affected by the wrongful exploitation of his or her name or likeness. The wrong consists of only two elements: the commercial use of a person's name or photograph and the failure to procure the person's written consent for such use." Those two elements are established in the present case. In particular, we hold that the signed statement by plaintiff "It's good to be a member of your Rolex Club!" cannot fairly be construed as a written consent to the use of plaintiff's name or picture for advertising purposes or for the purposes of trade. The circumstances as to the prior dealings between plaintiff and defendant, the claim by defendant of an oral consent by plaintiff, and the acceptance by plaintiff from defendant of a valuable gold watch, may all be relevant as to the issue of damages but not as to liability under section 51 of the Civil Rights Law *(Lomax v New Broadcasting Co.,* 18 AD2d 229). Accordingly, plaintiff's motion for partial summary judgment as to liability only under section 51 of the Civil Rights Law is granted. Defendant served on plaintiff a set of interrogatories which some of the members of this court deem

to be extremely burdensome and palpably improper. However, plaintiff did not raise that issue at Special Term. Accordingly, were that the only issue with respect to the interrogatories, we would affirm the order directing plaintiff to answer the interrogatories. But in light of our decision granting partial summary judgment on the issue of liability to plaintiff, future disclosure should be limited to the remaining issues. Because of the narrowing of the issues, we strike the existing interrogatories served by defendant without prejudice to disclosure to defendant with respect to the issues as thus limited. Concur — Sandler, J. P., Carro and Silverman, JJ.

Ross, J., dissents in a memorandum as follows: The majority today has determined that, as a matter of law, a photograph signed by the plaintiff which contains a personal note of appreciation is insufficient to satisfy the "written consent" requirement of section 51 of the Civil Rights Law. In pertinent part, that statute provides: "Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained * * * may also sue and recover damages for any injuries sustained by reason of such use". I cannot agree with this conclusion. Presentment of this photograph with the added inscription poses a question of fact which cannot be resolved prior to trial. The president of the defendant corporation stated in an affidavit that the company never paid any monetary consideration to celebrities who appeared in their advertisements. The only remuneration given were Rolex watches. Late in 1977, a mutual friend of plaintiff and Rene Dentan (Dentan), President of Rolex Watch, U.S.A. (Rolex), suggested to the latter that plaintiff would be willing to appear in advertisements for Rolex on condition that plaintiff, and each member of plaintiff's pit crew, be furnished with a Rolex watch. However, Dentan stated that only one watch could be given to the plaintiff. At a later meeting, wherein the plaintiff was present, the details of defendant's advertising policy were divulged. In addition, plaintiff was shown a collection of photographs signed by celebrities who had appeared in Rolex advertisements. It was there explained that these people were all members of the "Rolex Club". It is alleged that at this time plaintiff orally agreed to appear in an advertisement in exchange for a gold Rolex watch. At the conclusion of this meeting, plaintiff agreed to forward to Dentan a photograph personally signed by the plaintiff. Subsequently, plaintiff received his Rolex watch, which had a market value of more than $6,000. Plaintiff then forwarded to Dentan the promised photograph with the following inscription "It's good to be a member of your Rolex Club!" Apparently, plaintiff would have this court believe that he was given this valuable watch for the privilege of having his photograph hang on the wall in the office of the president of the corporate defendant. Additionally, no evidence was presented to indicate that plaintiff returned the watch given to him. I can find no merit to the plaintiff's contention that he is entitled to summary judgment on the issue of liability. There is nothing in *Brinkley v Casablancas* (80 AD2d 428), to indicate that a particular form of writing must be utilized to secure an individual's consent for the commercial use of his name, portrait or likeness pursuant to the Civil Rights Law. I know of no reason why a formal written contract is the only vehicle by which such consent can be given. Consent in writing can be given on a mere slip of paper or on any object or surface which is capable of retaining the written word, such as a photograph. On a motion for summary judgment the function of the court is to determine if a substantial question of fact exists *(Esteve v Abad,* 271 App Div 725). In the record before this court there is a clear divergence of opinion between the parties as to the meaning of the words "Rolex Club" and "member" as they were used by the plaintiff when he forwarded his signed photograph to the president of Rolex. The hearing court correctly determined that "whether or

not Andretti's inscription accepting membership in the 'Rolex Club' constituted a written consent to the use of his likeness in Rolex' advertisements is an issue of fact." A fair interpretation of the meaning and inferences of the words set forth on the photograph are open to interpretation and where an "arguable" issue is presented, summary judgment should not be granted *(Sillman v Twentieth Century-Fox Film Corp.,* 3 NY2d 395). Accordingly, the order of Supreme Court, New York County (Cahn, J.), entered on December 8, 1980, which denied plaintiff's motion for partial summary judgment should be affirmed.