OPINION OF THE COURT

Per Curiam.

This dispute arises out of the 1979 publication of two watch advertisements placed by defendant Rolex Watch U.S.A., Inc. The advertisements contained the name and picture of plaintiff, a well-known race car driver. Plaintiff sought recovery under section 51 of the Civil Rights Law, alleging that his name and picture were used in these advertisements without his written consent. Supreme Court denied plaintiff’s motion for partial summary judgment with respect to liability. The Appellate Division reversed and granted the motion (82 AD2d 765).
The Appellate Division erred in granting plaintiff’s motion. Section 51 of the Civil Rights Law, directly applicable to the instant case, permits an individual to recover damages if his or her name or likeness is used for advertising or trade purposes without the individual’s prior written consent (see Arrington v New York Times Co., 55 NY2d 433, 439). The parties do not dispute that before the Rolex *287 advertisements were published, plaintiff accepted a Rolex watch worth approximately $6,000 and acknowledged his membership in the “Rolex Club” in writing. Plaintiff sent the president of Rolex a photograph of himself with the handwritten inscription: “To Rene ... it’s good to be a member of your Rolex Club! All the best, Mario Andretti.” Whether this membership encompassed the use of plaintiff’s picture and name in Rolex advertisements, however, is the subject of sharply divergent recitations of the relevant events. Factual issues exist as to what membership in the Rolex Club entailed, i.e., whether plaintiff thereby consented to the use of his name and likeness in Rolex advertisements. Summary judgment for plaintiff on the issue of liability was therefore improper. Parol evidence may be introduced to establish that an equivocal writing signed by the subject of the photograph was intended as the expression of consent contemplated by the statute to the use of the name.
Accordingly, the order of the Appellate Division, insofar as appealed from, should be reversed, with costs, and the order of Supreme Court, New York County, entered December 8,1980 reinstated. The question certified should be answered in the negative.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in Per Curiam opinion.
Order, insofar as appealed from, reversed, etc.