OPINION OF THE COURT
Meyer, J.
 Knowledge is not an element of the cause of action created by section 51 of the Civil Rights Law for compensatory damages and injunctive relief, nor will a written consent of the person whose name, picture or portrait is used which, by its terms, has expired at the time of the use complained of protect against the award of such relief under the statute. Neither malice nor recklessness need be shown for recovery in such an action of exemplary damages, it being sufficient for recovery of such damages to prove that “defendant shall have knowingly used” plaintiff’s name, portrait or picture. The question whether a sufficient showing of knowing use to permit recovery of exemplary damages in the instant case not having been preserved for our review, the order of the Appellate Division should be affirmed, with costs.
*146 Plaintiff, a professional actor, and defendant, a manufacturer of artificial Christmas trees, entered into a one-year contract in November, 1973, whereby for a $1,000 fee plaintiff agreed to appear in a television commercial advertising defendant’s product. The contract also contained an option for the use of the commercial in 1974. Defendant distributed prints of the commercial to its local distributors who, in turn, arranged air time for broadcast of the commercial. In 1974, without prior notice or payment to plaintiff, defendant used the commercial. The parties subsequently entered into a financial settlement for the exercise of the 1974 option. In March, 1975, plaintiff, through the Screen Actors Guild, cautioned defendant that the term of permissible use of the commercial had expired and that negotiations were required for any further use of the commercial. Nevertheless, the commercial was aired during the 1975 Christmas season in Rochester, New York.
Plaintiff then commenced this action under section 51 of the Civil Rights Law.[1] At trial, a Mr. Dauphin testified that he witnessed plaintiff’s commercial being telecast in Rochester, New York, in November, 1975, long after plaintiff’s consent to its use had expired. Dauphin also testified that the commercial contained a “tag line”, a message indicating the local distributor responsible for the commercial’s airing, but he could not recall the name of the distributor mentioned. There was, however, no testimony that defendant arranged or paid for the air time during which the commercial was exhibited or had actual knowledge that it was to be exhibited by that distributor at that time. Defendant, on the other hand, failed to demonstrate that it took any steps to recall the prints or limit the dissemination of the commercial after the contract period expired. To the contrary, its president testified that defendant had actively encouraged the maximum use of the commercial in order to sell Christmas trees and had placed no restrictions on the use of the commercial by its distributors, and was sure that he had not received back all of the prints sent out.
The jury returned a verdict for plaintiff in the amount of $1,000 compensatory damages and $25,000 exemplary *147 damages. The Trial Judge held the latter award excessive and reduced it to $15,000, but denied defendant’s postverdict motion for judgment notwithstanding the verdict (CPLR 4404, subd [a]), and after reconsideration of the latter motion upon reargument, adhered to his original decision.
The Appellate Division, over a partial dissent, affirmed the judgment and order below. The majority held the evidence concerning defendant’s failure to prevent a distributor’s use of plaintiff’s commercial sufficient to justify compensatory damages under section 51 of the Civil Rights Law. It also held morally culpable conduct unnecessary for an award of punitive or exemplary damages under the statute and that the evidence supported the factual conclusion that defendant acted knowingly. The dissenter voted to modify in part by striking the punitive damage award because he viewed the dispute as a breach of contract action in which such damages were recoverable only for intentional wrongdoing.
Defendant appeals to our court as of right.[2] It does not dispute that the November, 1975 use was for the purpose of trade but contends that (1) plaintiff having given a written consent can recover only for breach of contract, (2) it cannot be held for compensatory damages for a use by its distributor, (3) recovery of punitive damages can only be had upon a showing of malice or recklessness, and (4) the knowing use required for recovery of exemplary damages under the statute has not been shown. For the reasons hereafter stated, we affirm.
I
Section 51 of the Civil Rights Law authorizes injunctive relief to and the recovery of compensatory damages by an individual whose name, portrait or picture is used within the State for advertising or trade purposes without his or her prior written consent (Andretti v Rolex Watch, U.S.A., 56 NY2d 284, 286; Arrington v New York Times Co., 55 *148 NY2d 433, 439; Brinkley v Casablancas, 80 AD2d 428, 440).[3] Pointing to the fact that plaintiff’s prior written consent was in fact obtained, defendant argues that it can only be held liable in contract.
Here, however, the time limitation upon the use of the commercial had expired at the time of use. The right to withhold consent to a use includes the right to limit the period within which the consent remains in effect. Within the meaning and purpose of the statute, use after expiration of the effective period of consent is no less an invasion of privacy than is use without consent (Adrian v Unterman, 281 App Div 81, 89, affd 306 NY 771 [rights under the statute are not forfeited by a limited consent when the name is used after the consent expired]; see Booth v Curtis Pub. Co., 15 AD2d 343, 352, affd 11 NY2d 907 [voluntary surrender of privacy “does not forever forfeit for anyone’s commercial profit so much of (plaintiff’s) privacy as she has not relinquished”]; and Bunnell v Keystone Varnish Co., 254 App Div 885, affg 167 Misc 707 [Civil Rights Law, § 51, action maintainable where defendant used plaintiff’s name after defendant terminated, because of plaintiff’s illness, her agreement to assist in the sale of defendant’s products and to permit advertisement of plaintiff’s appearances]). Plaintiff’s statutory action is not foreclosed by the previously effective but now expired consent.
II
No more helpful to defendant, for several reasons, is its contention that it cannot be held under the statute because it did not use the commercial. Defendant does not suggest, nor could it in view of the nature of the commercial,[4] that plaintiff’s picture was not used for the purpose of advertis *149 ing its product. Rather it argues that it has not been shown either that it used or directed use of the commercial in 1975 or that it knew prior to that use that the commercial would be used by the distributor.
Knowledge is not an element of the cause of action for compensatory damages or injunctive relief under the statute. This necessarily follows from its express requirement as to exemplary damages that “defendant shall have knowingly used” another’s name, portrait or picture without consent, and the omission in the earlier portion of the same sentence dealing with compensatory damages of any modifier similarly limiting the use made "compensable (Lerman v Chuckleberry Pub., 496 F Supp 1105, 1109). Whether the claimed lack of knowledge concerns, as here, the use or, as in Lerman, the absence of consent is, as to compensatory damages, irrelevant in view of the wording of the statute. Nor need it be shown that defendant arranged for or directed use of the commercial by its Rochester distributor in 1975. The evidence that defendant actively encouraged maximum use of the commercial by its distributors who were expected to make their own arrangements for air time and neither placed any restriction upon the period within which it was to be used by the distributors nor made any effort at the expiration of the consent period or following the March, 1975 warning from the Screen Actors Guild to recall prints of the commercial from the distributors furnished a more than sufficient basis for holding defendant responsible for the unauthorized 1975 use (cf. Brinkley v Casablancas, 80 AD2d 428, 442, supra).
A further reason for rejection of defendant’s argument is that it neither took exception to, nor sought by request to limit the scope of, the Trial Judge’s instruction to the jury that it could be held for compensatory damages if it “or someone under its supervision or control used the commercial in which [plaintiff] appeared in the state of New York without his prior written consent.” Absent such an exception or request, that charge became the law of the case (Bichler v Lilly & Co., 55 NY2d 571, 584; Barry v Manglass, 55 NY2d 803, 805), and, in light of the evidence above detailed, the jury could quite properly have found *150 that the Rochester distributor, in this respect at least, was someone under defendant’s supervision and control.
Ill
Although recovery of exemplary or punitive damages in a common-law action requires a showing of conscious disregard of the rights of others or conduct so reckless as to amount to such disregard (Hartford Acc. & Ind. Co. v Village of Hempstead, 48 NY2d 218), it is, as we indicated in Garrity v Lyle Stuart, Inc. (40 NY2d 354, 358; see, also, Hartford Acc. & Ind. Co. v Village of Hempstead, supra), within the province of the Legislature in authorizing the award of such damages to establish other and different criteria (e.g., Judiciary Law, § 487; Lien Law, § 39-a; RPAPL 853, 861; Workers’ Compensation Law, § 14-a). In section 51 of the Civil Rights Law the Legislature has done just that, providing that “the jury, in its discretion, may award exemplary damages” if it be shown that “the defendant shall have knowingly used such person’s name, portrait or picture”. For recovery of exemplary damages under the statute, therefore, no more need be shown than knowing use (cf. Brinkley v Casablancas, 80 AD2d 428, 443, supra; Lerman v Chuckleberry Pub., 496 F Supp 1105, 1110, supra).
IV
The Appellate Division held that, defendant having been warned that the permissible period of use for the commercial had expired, the evidence was sufficient to support the conclusion that defendant acted knowingly within the meaning of the statute’s exemplary damage provision. We do not find it necessary to reach that question. The jury was charged that it could award exemplary damages if it found that defendant “used plaintiff’s picture, knowing that plaintiff had not consented to the use, or in reckless disregard of whether plaintiff had consented to the use.”[5] No exception was taken to that charge. It was, therefore, the law of the case that plaintiff’s right to exemplary damages turned on whether defendant knew plaintiff had not consented rather than whether defendant itself know *151 ingly caused the commercial to be aired (Bichler v Lilly & Co., 55 NY2d 571, 584, supra; Barry v Manglass, 55 NY2d 803, 805, supra).[6] Because, as the Appellate Division noted, there was evidence to support a finding that defendant, having been warned, knew that plaintiff had not consented to use of the commercial in 1975, the jury’s award of exemplary damages must be upheld under the law of the case.
For the foregoing reasons, the order of the Appellate Division should be affirmed, with costs.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler and Fuchsberg concur.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs.

. Causes of action alleging fraud and breach of contract were discontinued at trial.

. The appeal has been decided on submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]). A brief amicus submitted jointly by CBS Inc., Metromedia, Inc., and National Broadcasting Company, Inc., raises issues of broadcaster liability under the statute which because they concern facts not presented by the instant case are not reached.

. The section reads, in pertinent part: “Any person whose name, portrait or picture is used within this state for advertising purposes or for the purpose of trade without the written consent first obtained as above provided may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use and if the defendant shall have knowingly used such person’s name, portrait or picture in such manner as is forbidden or declared to be unlawful by the last section, the jury, in its discretion, may award exemplary damages.”

. Exhibit 3 received in evidence establishes that in the commercial plaintiff illustrated how easily defendant’s tree could be removed from the box and set up, ready for decoration.

. As originally given the charge referred to compensatory damages, but the slip of the tongue was immediately corrected.

. Nor was the issue otherwise properly preserved for our review. Defendant’s motion at the end of plaintiff’s case that the jury not be charged on exemplary damages was made without a statement of the grounds for the motion and upon renewal at the end of the whole case the only ground stated was that plaintiff had not shown that defendant “used the commercial knowing that it had no consent.” Not until its postverdict motion did defendant articulate the ground now urged. Because objection at that point comes too late for correction during trial, the ruling of a Trial Judge on such a motion is a matter of discretion and, therefore, does not preserve the issue for our review (Bichler v Lilly & Co., 55 NY2d 571) absent a clear abuse of discretion as a matter of law.