OPINION OF THE COURT
John S. Lockman, J.
Motion by third-party defendants for dismissal and cross motion by defendant for summary judgment are granted. Cross motion by plaintiff for sanctions is denied.
The only remedy available for invasion of privacy is that created by Civil Rights Law §§ 50 and 51 (Freihofer v Hearst Corp., 65 NY2d 135). The statute must be strictly construed, as one in derogation of the common law (Shields v Gross, 58 NY2d 338, 345). Section 51 provides in relevant part: "Any person whose * * * picture is used within this state for advertising purposes or for the purposes of trade without the *629 written consent * * * may maintain an equitable action * * * to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained”.
Pursuant to the statute, plaintiff seeks damages and an injunction prohibiting the unauthorized use of her photographs in defendant’s product catalogue and on products distributed by the defendant. Defendant seeks summary judgment on the ground of plaintiffs written consent. Defendant offers the consent form admittedly containing plaintiffs signature which reads:
"PHOTOGRAPHER’S RELEASE
"For a consideration, mutually agreed upon, and received by me, I, the undersigned hereby grant corona color studios, a photographer, permission to take photographs of me, and I also give him permission to put the finished photographs to any legitimate uses he may deem proper. Further, I relinquish and give him all right, title and interest I may have in the finished pictures, negatives, reproductions and copies of the original prints and negatives, and, further, grant him the right to give, sell, transfer and exhibit the negatives, original prints, or copies, and facsimiles thereof to any responsible individual, business firm, or publication, or to any of their assignees.”
The document is dated January 12 (no year).
On January 12, in 1984, plaintiff engaged in a 2ti-to-31A-hour session with the third-party defendant photography studio posing for numerous photographs in a variety of makeup and hairstyles. She alleges that she permitted her photographs to be taken for "fun” while she was at the studio to observe professional makeup techniques. She alleges that the photographer asked her to sign a sign-out sheet on her way out the door. She was in a hurry and signed without reading.
Plaintiff contends that this constitutes unilateral mistake, and, when coupled with the fact that she received no consideration, permits invalidation of the "release” (see, Wheeler v State of New York, 286 App Div 310, 313). Wheeler is inapposite, as a quid pro quo for release of a tort-feasor from liability for personal injury is necessary. Here the issue is whether plaintiff gave a written authorization for the commercial use of her photographs. Consideration is not required (Russell v Marboro Books, 18 Misc 2d 166).
*630 Unilateral mistake, standing alone, in that plaintiff signed the consent form without reading it, is insufficient as a matter of law to vitiate the consent (Pimpinello v Swift & Co., 253 NY 159).
The conclusiveness of a writing cannot be avoided when the signer negligently credits a misrepresentation. "If the signer could read the instrument, not to have read it was gross negligence” (Pimpinello v Swift & Co., supra, at 162).
Plaintiffs further claim that a gratuitous release can be revoked at any time is not supported. Rather, the cases cited refer to a statutory exception, and stand for the proposition that, under the exception which permits professional photographers to display specimens of their work, any person so portrayed may give written notice objecting. Thus, rather than revocation of a release, the cases concern assertion of an objection where a release is not required by the statute (see, Booth v Curtis Publ. Co., 15 AD2d 343, 345, n).
Nor can plaintiffs assertion that a release of indefinite duration is void be sustained. Plaintiff relies on case law which holds that a sales employment contract of indefinite duration cannot be enforced (see, Northeastern Wholesalers v Owens-Coming Fiberglas Corp., 24 Misc 2d 165). Even were Northeastern Wholesalers relevant, the case no longer represents good law (see, D & N Boening v Kirsch Beverages, 63 NY2d 449).
Accordingly, plaintiff fails to make out a prima facie case in light of the valid authorization permitting the commercial use of her photographs, and the complaint and third-party complaint are dismissed.