596 So.2d 1193 (1992)
AEROVIAS NACIONALES DE COLOMBIA, S.A., Avianca, Inc., and Commodore Aviation, Inc., Petitioners,
v.
Jose Daniel TELLEZ, As Personal Representative of the Estate of Rosa Ginneth Tellez, Deceased, and on behalf of Jose Daniel Tellez and Lucy Caro De Tellez, et al., Respondents.
Nos. 92-63 to 92-65, 92-312, 92-315 and 92-316.
District Court of Appeal of Florida, Third District.
April 7, 1992.
Rehearing Denied May 12, 1992.
*1194 Kimbrell & Hamann and Thomas C. Woods, Deborah A. Elsasser, Andrew J. Harakas, and Michael K. McLemore, Condon & Forsyth, New York City, for petitioners.
Krupnick, Campbell, Malone and Roselli, and Kelley B. Gelb, Ft. Lauderdale, for respondents.
Before HUBBART, FERGUSON and JORGENSON, JJ.
PER CURIAM.
These are consolidated petitions for a writ of certiorari in which the defendants[1] seek review of trial court orders (1) granting a motion filed by the plaintiffs[2] to amend their complaint and add a count for punitive damages in a wrongful death action arising out of a fatal airline crash in New York, and (2) in certain of these orders, denying a defense motion to dismiss the punitive damage count after said count was filed. We grant the petitions for a writ of certiorari based on the following briefly stated legal analysis.
First, we conclude that New York substantive law governs this action because (a) the accident sued upon occurred in New York, and (b) a significant part of the alleged negligent conduct which resulted in the fatal crash occurred in New York. These factors, in our view, are not outweighed by other relevant factors stated in Restatement (Second) of Conflicts § 145 (1971). Moreover, we reject the plaintiffs' argument that the substantive law of Colombia applies to this action. Bishop v. Florida Specialty Paint Co., 389 So.2d 999 (Fla. 1980); Proprietors Ins. Co. v. Valsecchi, 435 So.2d 290 (Fla. 3d DCA 1983), rev. denied, 449 So.2d 265 (Fla. 1984). The applicable New York law on punitive damages is as follows:
"The nature of the conduct which justifies an award of punitive damages has been variously described, but, essentially, it is conduct having a high degree of moral culpability which manifests a `conscious disregard of the rights of others or conduct so reckless as to amount to such disregard.' Such conduct need not be intentionally harmful but may consist of actions which constitute willful or wanton negligence or recklessness."
Home Ins. Co. v. American Home Prod. Corp., 75 N.Y.2d 196, 551 N.Y.S.2d 481, 550 N.E.2d 930 (1990) (citations omitted).
"While the decision to award punitive damages in any particular case, as well as the amount, are generally matters within the sound discretion of the trier of fact, there is a threshold issue: punitive damages can be imposed on an employer for the intentional wrongdoing of its employees only where management has authorized, participated in, consented to or ratified the conduct giving rise to such *1195 damages, or deliberately retained the unfit servant, or the wrong was in pursuance of a recognized business system of the entity. Put another way, this `complicity rule' ... results in employer liability for punitive damages only when a superior officer in the course of employment orders, participates in, or ratifies outrageous conduct."
Loughry v. Lincoln First Bank, N.A., 67 N.Y.2d 369, 378, 502 N.Y.S.2d 965, 969, 494 N.E.2d 70, 74 (1986) (citations omitted).
Second, we conclude that the law of the forum, i.e., Florida law, governs on procedural matters. Colhoun v. Greyhound Lines, Inc., 265 So.2d 18, 20 (Fla. 1972); Pledger v. Burnup & Sims, Inc., 432 So.2d 1323, 1329 (Fla. 4th DCA 1983), rev. denied, 446 So.2d 99 (Fla. 1984); Restatement (Second) of Conflicts §§ 122, 127 (1971). Section 768.72, Florida Statutes (1989), provides, as a procedural matter, the following:
"In any civil action, no claim for punitive damages shall be permitted unless there is a reasonable showing by evidence in the record or proffered by the claimant which would provide a reasonable basis for recovery of such damages. The claimant may move to amend his complaint to assert a claim for punitive damages as allowed by the rules of civil procedure. The rules of civil procedure shall be liberally construed so as to allow the claimant discovery of evidence which appears reasonably calculated to lead to admissible evidence on the issue of punitive damages. No discovery of financial worth shall proceed until after the pleading concerning punitive damages is permitted."
Third, the plaintiffs failed, as required by Section 768.72, Florida Statutes (1989), to make a reasonable evidentiary showing below which would provide a reasonable basis for recovery of punitive damages under New York law. Without unduly burdening this opinion, suffice it to say that the plaintiffs' proffered evidence below tends to establish that the defendant's pilots, maintenance personnel, and other employees were, at worst, guilty of gross negligence in allowing the aircraft in question to run out of fuel and crash; the plaintiffs failed, however, to provide a reasonable basis under New York law for concluding that the complained-of conduct was willful or wanton negligence, or that it constituted a conscious disregard for the rights of others. See Welch v. Mr. Christmas, Inc., 57 N.Y.2d 143, 454 N.Y.S.2d 971, 440 N.E.2d 1317 (1982). Beyond that, there is no showing, as required by New York law, that the management of the defendant authorized, participated in, consented to, or ratified any such conduct of its employees or that said management deliberately retained unfit employees who engaged in such conduct. Loughry v. Lincoln First Bank, N.A., 67 N.Y.2d 369, 502 N.Y.S.2d 965, 494 N.E.2d 70 (1986); James v. Eber Bros. Wine & Liquor Corp., 153 A.D.2d 329, 550 N.Y.S.2d 972 (App.Div.), appeal denied, 75 N.Y.2d 711, 557 N.Y.S.2d 309, 556 N.E.2d 1116 (1990). We have not overlooked the plaintiffs' argument to the contrary, but are not persuaded thereby.
The petitions for a writ of certiorari are granted, the orders under review are quashed, and the cause is remanded to the trial court with directions to deny the plaintiffs' motions to amend their complaints to add a count for punitive damages and to strike the punitive damage counts filed below.
Petitions granted; orders under review quashed; cause remanded.
NOTES
[1] Aerovias Nacionales De Colombia, S.A., Avianca, Inc., and Commodore Aviation, Inc.
[2] Jose Daniel Tellez, as Personal Representative of the Estate of Rosa Ginneth Tellez, deceased, and on behalf of Jose Daniel Tellez and Lucy Caro De Tellez; Manuel Enrique Turco, as Personal Representative of the Estate of Jairo Alberto Turco Parra, deceased, and on behalf of Manuel Enrique Turco, Maria Eugenia Turco Parra, Maria Del Carmen Turco Parra, Javier Guillermo Turco Parra, and Maria Inez Parra; William German Rivera, as Personal Representative of the Estate of German Gonzalo Rivera, deceased, and on behalf of William German Rivera, Alix Angelica Rivera Vanegas, and Ivan Dimitri Rivera Vanegas.