KENNETH CORY, Respondent, v NINTENDO OF AMERICA, INC., et al., Appellants.

First Department, January 5, 1993

APPEARANCES OF COUNSEL

*Robert M. Callagy* of counsel *(Jan R. Uhrbach* with him on the brief; *Satterlee Stephens Burke & Burke,* attorneys), for appellants.

*Kenneth Cory,* respondent *pro se.*

## OPINION OF THE COURT

SULLIVAN, J. P.

In this action for alleged violations of sections 50 and 51 of New York's Civil Rights Law arising out of the use of certain photographs taken of plaintiff, a model, on package boxes of a video game manufactured by Nintendo of America, Inc., defendants, Nintendo, Geers Gross Advertising, Inc., an advertising agency which represented Nintendo, and McCann Erickson USA, Inc., which acquired Geers Gross and later represented Nintendo, appeal from the denial of their motion to dismiss the complaint.

In March 1986, plaintiff agreed, for a fee of $1,250, to pose for a photograph which would appear on a package back for a Nintendo product. Plaintiff participated in two other photography sessions, for which he was paid $750 and $500, respectively, and signed a document, known as a "model's voucher", prepared by his agent, McDonald/Richards, Inc., in connection with each of the three sessions. These vouchers grant to Geers Gross "or those for whom they are acting" the right, *inter alia,* to use and/or publish the photographs of plaintiff for a period of 12 months. Subsequent to each session and the signing of each of the vouchers, Geers Gross sent McDonald/Richards a "Model Release" for plaintiff's signature. These releases, which do not contain any time limitation on the use of plaintiff's photographs, were signed in plaintiff's name by a representative of McDonald/Richards and returned to Geers Gross. Defendants thereafter used the photographs on packaging for a video game manufactured by Nintendo.

After discovering that defendant Nintendo was utilizing his photographs after the 12-month limitation, plaintiff commenced this action, alleging, *inter alia,* violations of the Civil Rights Law and his right of publicity and seeking compensatory and punitive damages. After joinder of issue, defendants moved, pursuant to CPLR 3211 and 3212, to dismiss the complaint. Insofar as is relevant to this appeal, defendants argued that plaintiff, through his agent McDonald/Richards, had consented in writing, without any time limitation, to the

publication of his photographs, which consent constituted an absolute defense to an action under Civil Rights Law §§ 50 and 51. Plaintiff cross-moved for partial summary judgment on liability. The IAS Court granted defendants' motion to dismiss the causes of action based on plaintiff's right of publicity but denied the motion as to the causes of action based on the alleged Civil Rights Law violation, concluding that since the unlimited releases differ from the other releases and were not supported by independent consideration they do not constitute an absolute defense to a claim under sections 50 and 51. In that regard, the court found an issue of fact as to, *inter alia,* the parties' contractual intent with respect to the use of plaintiff's photographs for an unlimited duration. We reverse and grant summary judgment dismissing the complaint in its entirety.

Sections 50 and 51 of the Civil Rights Law create a right of privacy against the use of, "for advertising purposes, or for the purposes of trade, the name, portrait or picture of any living person without having first obtained the written consent of such person, or if a minor of his or her parent or guardian." Section 51, which provides a private right of action for the unauthorized use for advertising of a person's name, portrait or picture, by its express terms, allows a recovery if the use is "without the written consent first obtained as * * * provided [in section 50]." Thus, the cause of action is premised on a lack of written consent. Once, however, written consent is obtained, the photograph "may be published as permitted by its terms." *(Shields v Gross,* 58 NY2d 338, 344.)

Here, it is undisputed that before using plaintiff's photographs defendants had obtained written consent, signed by plaintiff's agent in plaintiff's name, to such use for an unlimited period of time. That the releases were signed, without plaintiff's knowledge, by his agent, rather than plaintiff, does not affect the efficacy of these instruments to bind plaintiff. Although plaintiff argues otherwise, the record clearly establishes that his agent, McDonald/Richards, had apparent authority to sign the releases on his behalf. In his deposition, plaintiff identified McDonald/Richards as his agent, testifying that it was authorized to sell pictures of him for advertising purposes and that he received payment for this particular assignment through McDonald/Richards, which retained a 15% commission and remitted the balance to him. In fact, plaintiff had no discussions with Nintendo or Geers Gross; all his dealings were with McDonald/Richards, which negotiated

and entered into the modeling agreement in his behalf. In that regard, McDonald/Richards' president testified at deposition that he or someone on his staff signed plaintiff's name to each of the unlimited releases and forwarded them to Geers Gross without ever informing anyone at Geers Gross or Nintendo that plaintiff had not personally signed them.

In such circumstances, plaintiff is bound by the acts of his agent as against innocent third parties such as defendants, who, from all that appeared, had no way of knowing of any limitation on McDonald/Richards' authority or any other reason to question the validity of the releases. " 'It is the (principal), after all, who selected [the agent] to represent him, and he, not the (third person), should bear the risk of [its] unauthorized acts, having placed [it] in a position to perpetrate the wrong.' " (William Penn Life Ins. v Irving Trust Co., 145 AD2d 174, 178, quoting Hutzler v Hertz Corp., 39 NY2d 209, 215.)

In denying summary judgment to defendants on the plaintiff's right of privacy causes of action, the IAS Court was of the view that sections 50 and 51 of the Civil Rights Law require an enforceable contract for the commercial use of another's photograph or likeness. Nothing in the statute even suggests that the consent to such use must satisfy the requisites of a contract. Since written consent is all that the statute requires, consideration is not required. (See, e.g., Francica v Fun World, 138 Misc 2d 628, 629.) Andretti v Rolex Watch (82 AD2d 765, revd 56 NY2d 284) is directly on point. There, this Court, in granting partial summary judgment to plaintiff on his Civil Rights Law privacy claims, held that a notation on a photograph, "It's good to be a member of your Rolex Club", signed by plaintiff, could not be construed as a consent. In reversing, the Court of Appeals held that such a writing could indeed constitute a consent as contemplated by the statute.

Finally, since the IAS Court relied on the difference in terms between the earlier vouchers and subsequent releases, it should be noted that to the extent the latter contradict the former, the terms of the most recent release are controlling. (See, Lukasewych v Wells, Rich, Greene, 747 F Supp 1089, 1094 [SD NY].)

Accordingly, the order of the Supreme Court, New York County (Beverly S. Cohen, J.), entered July 9, 1991, to the extent it denied defendants' motion pursuant to CPLR 3211 and 3212 to dismiss the first through ninth causes of action,

should be reversed, on the law, without costs or disbursements, and the motion for summary judgment dismissing said causes of action granted. The Clerk is directed to enter judgment in favor of defendants granting their motion for summary judgment dismissing the first through ninth causes of action.

ROSENBERGER, WALLACH, ROSS and ASCH, JJ., concur.

Order, Supreme Court, New York County, entered July 9, 1991, to the extent it denied defendants' motion pursuant to CPLR 3211 and 3212 to dismiss the first through ninth causes of action, is reversed, on the law, without costs or disbursements, and the motion for summary judgment dismissing said causes of action granted.