ALEX FISHER, Plaintiff, *v.* MURRAY M. ROSENBERG, INC., Defendant.

Supreme Court, Trial Term, New York County, November 7, 1940.

*Jesse Segal,* for the plaintiff.

*Goldfarb & Fleece* [*Charles L. Fleece* of counsel], for the defendant.

McGOLDRICK, J. In the month of July, 1939, there was an " Irene Castle Day " at the World's Fair. It was also a " Courtesy Day " for members of the theatrical profession who contributed their services toward making the occasion a success, among them being the individual members of the professional dancing team of Harrison and Fisher, the latter of whom (Alex Fisher) is the plaintiff. Then it was that, to his knowledge, while dancing together, pictures were taken of Irene Castle and this plaintiff in two " dancing poses."

On September 8 and 9, 1939, defendant caused to be inserted in about forty newspapers " used in this State " advertisements containing one or the other of these " dancing poses " in connection with the sale by it of " Miles Shoes," and also used similar " display cards " in about seventeen of its retail stores located in this State. These advertisements and " display cards " do not refer to the male dancing partner by any name, although it is a picture of this plaintiff. " Irene Castle " is mentioned twice; once conspicuously, and again in what purports to be a copy of her signature.

The action is predicated on section 51 of the Civil Rights Law which provides in part:

" § 51. Action for injunction and for damages. Any person whose  *  *  *  picture is used within this State for advertising purposes or for the purposes of trade without the written consent first obtained  *  *  *  may also sue and recover damages for any injuries sustained by reason of such use."

No such consent, written or verbal, was " first obtained." Clearly there was a violation of this statute. The question arises, naturally, as to the " damages for any injuries sustained by reason of such use." The answer is made difficult because of the record before me upon which alone a solution must be found.

No special damages have been proven. Plaintiff, however, seeks " exemplary damages."

The section further provides: " and if the defendant shall have *knowingly* used such person's  *  *  *  picture  *  *  *  the jury, in its discretion, may award exemplary damages."

This case has been tried without a jury, so it becomes the function of the court to assess the damages. In so doing it should be borne in mind that such right of privacy was not protected at common law. It is a creature of statute, and to be of avail a party seeking relief thereunder must come within its terms. Consequently, this provision of limitation assumes importance. There is not a scintilla of proof of *knowledge* on the part of defendant that, before the use thereof, it was the picture of the plaintiff. It appears without contradiction that, when the defendant was so advised by counsel for the plaintiff, no further similar advertisements were published and the display cards were withdrawn. It seems to me that a mere reading of such restrictive clause makes clear its force and effect and when it may be invoked. No ground has been cultivated from which could grow any exemplary damages. There is nothing technical, obscure or abstruse about the word " knowingly;" it bespeaks its own meaning. Exemplary damages are not to compensate plaintiff, but are to punish the defendant and to deter it and others from like acts. Plaintiff is entitled to compensatory damages only for injured feelings. As member of a team of professional dancers for a period of years the publicity attached to the publication of his picture would undoubtedly inure to his benefit, provided it was in connection with his profession. In the instant case, however, it was used " for the purposes of trade " in shoes, by reason of which he suffered humiliation and distress of mind.

The motion to dismiss complaint is denied, with exception to defendant.

Judgment is directed in favor of plaintiff and against defendant for the sum of $300.

Thirty days' stay and sixty days to make a case.