JACK D. ROBERTS, Respondent, *v.* CONDÉ NAST PUBLICATIONS, INC., Appellant.

First Department, December 13, 1955.

*C. Coudert Nast* of counsel (*Macdonald De Witt, William R. Lonergan* and *Thomas A. Diskin* with him on the brief; *De Witt, Van Aken & Nast,* attorneys), for appellant.

*S. O. Menikoff* of counsel (*Louis Spivack* with him on the brief; *Menikoff & Spivack,* attorneys), for respondent.

BERGAN, J. Plaintiff is principal of the Daniel Webster High School in the town of New Rochelle. On January 31, 1955, at a meeting of the Parent-Teacher Association in the school, attended by some 200 persons, plaintiff addressed the meeting on education problems and referred favorably to an article written by Norman Cousins appearing in the February issue of *House and Garden,* a magazine published by the defendant.

Without obtaining the written consent of plaintiff, defendant used this public statement in promoting and advertising the magazine. A card was widely circulated in the mail which quoted plaintiff as saying of " The current article in the February 1955 issue of House & Garden — by Norman Cousins " that it was " one of the best I've read on suburban schools . . . highly recommend all PTA members read and discuss ".

For the purposes of this appeal these facts set forth in the pleadings are deemed true. Plaintiff thus pleads a cause of

action in pursuance of section 51 of the Civil Rights Law which authorizes an action to "recover damages for any injuries sustained" by a person whose name has been used for advertising purposes or purposes of trade, without written consent. In such an action the jury "in its discretion" is authorized by the statute to "award exemplary damages".

Besides denials in the answer, defendant sets up affirmatively as a partial defense "and in mitigation, reduction and limitation" of plaintiff's damages, the facts with reference to the public approval of the Cousins' article by plaintiff in his January 31st address; alleges plaintiff directly or by implication "suggested to the persons present" at the meeting that they read the article; alleges that the editor of the magazine was told of the plaintiff's remarks by a parent who had heard them; that the card was a mere repetition of the actual remarks and that the remarks were gratuitous and unsolicited by defendant.

On motion by plaintiff addressed to this defense in mitigation, the entire defense was stricken at Special Term. Since the defense was addressed to all damage and since the entire defense was stricken on the motion, we are not required presently to pass on its sufficiency on the issue of actual damage if it is sufficient on its face on the issue of exemplary damage. We think this plea in mitigation is available on the right to exemplary damages in an action in pursuance of section 51 of the Civil Rights Law.

Since the jury is expressly authorized by statute law to exercise a "discretion" to allow exemplary damages, the circumstantial setting of the invasion of plaintiff's privacy becomes germane to any enlightened decision the jury may make in saying whether, and to what extent, defendant should have to pay damage as a warning to others and as punishment to itself, beyond the actual damage resulting from the injury.

Measurement of the weight of this kind of punishment, if it should be imposed in the discretion of the jury, ought not be attempted in a factual vacuum. To decide intelligently an issue such as this the jury ought to have access to the context of events. Good faith or its absence; mistake or knowing impertinence; misapprehension of evidence of approval; or such an absence of such evidence that no reasonable man would imply approval, are all matters which a jury might be allowed to consider, one way or another, in approaching the task of assessing or withholding exemplary damages. Adequate adjudication requires fairly complete information.

Unless defendant pleads facts in mitigation it cannot prove them in this kind of action. (Civ. Prac. Act, § 339; cf. *Riddle* v. *Macfadden*, 201 N. Y. 215.) A course of conduct from which consent might be implied has been held to be a partial defense in mitigation of damages, but not a complete defense in this kind of action. (*Hammond* v. *Crowell Pub. Co.*, 253 App. Div. 205.) The assertion that a general custom existed in the theatrical profession to permit and encourage the use of pictures for advertising purposes without written consent has been allowed as a partial defense (*Sidney* v. *Beck Shoe Corp.*, 153 Misc. 166); and it has been allowed in a case where an oral but not written consent had been given (*Lane* v. *Woolworth Co.*, 171 Misc. 66).

The general rule is that where plaintiff has introduced evidence " warranting an imposition of exemplary damages " the defendant is " entitled to introduce facts * * * in mitigation ", such as the presence of good faith (25 C. J. S., Damages, § 127; *Rogers* v. *Bigelow*, 90 Vt. 41).

We consider the plea in mitigation available to defendant as to exemplary damages, and since the pleading as a whole has been dismissed we think it unnecessary to decide its availability as to actual damage.

The order should be reversed and the motion denied, with $20 costs.

BREITEL, J. P., BASTOW, BOTEIN and RABIN, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied.