Habold Babb, J.
This is an action to recover damages for invasion of the right of privacy under section 51 of the Civil Rights Law. The case was tried before the court without a jury. Formal findings of fact and conclusions of law were waived.
Plaintiff, a professional model, was photographed in the nude six or seven years ago. She never signed a consent to the publication of such photograph. It was understood by her and the photographer that if a customer for the picture was obtained, terms of remuneration and use would he arranged. In the 1955 publication of defendant’s book U. S. Camera Annual, the nude photograph appears at page 101. It was published as the work of a well-known photographer when in fact it was the work of another. It was not until some time after the book was distributed that the parties discovered the error. Approximately 22,000 copies of this book are purchased annually, mainly by persons engaged in advertising and photography, although it is available to the public.
Defendant obtained the transparency of this photograph from an agent and assumed that the agent had a release from the model. Plaintiff seeks damages for the unauthorized use of her photograph and for the shock and humiliation of having a nude identifiable likeness published and distributed to the *767 trade and the public. She seeks compensatory and exemplary damages under the statute for the wrong caused to her and for damages to her professional reputation and earning power.
The defendant used the photograph for trade purposes without the written consent of the plaintiff in violation of section 51 of the Civil Rights Law. The defendant does not deny this and that plaintiff is entitled to nominal or compensatory damages but has offered evidence in mitigation of liability for exemplary damages.
The plaintiff admits posing in the nude on numerous occasions. However, it is her contention that she never consented to the use of a nude likeness unless her face was cropped or she was partially covered so as to be unrecognizable. She further contends, substantiated by many advertisements for which she posed, in evidence, that her income stems mainly from beauty and fashion modeling and that the distribution of her recognizable nude figure to the trade has affected her income; that agents and their clients refrain from using her in beauty or fashion advertising where her face shows and would be recognized. She failed to prove by admissible credible evidence that her income was substantially altered. Nevertheless, her contention deserves consideration as well as her claim that she was never compensated for posing for this photograph. The defendant contends in mitigation that it did not 1 ‘ knowingly ’ ’ publish the picture without written permission. Defendant contends that it assumed such permission had been obtained by the agency from whom it purchased the picture. The statute (Civil Rights Law, § 51) provides for the recovery of damages for publishing a portrait without written consent, and it also provides for exemplary damages in such suit, “ if the defendant shall have knowingly used such person’s * * * portrait * * * in such manner as is forbidden or declared to be unlawful by the last section ” (Civil Rights Law, § 50). The defendant’s plea in mitigation stresses the fact that it did not publish the photograph ‘ ‘ knowingly ’ ’. To know or have notice legally, has been accepted to mean that the defendant knew or should have known. The Legislature of this State adopted the applicable sections of the Civil Rights Law after the courts had refused a remedy at common law (Roberson v. Rochester Folding Box Co., 171 N. Y. 538). While rights given by statute in derogation of the common law must be strictly construed (Porter v. American Tobacco Co., 140 App. Div. 871; Swacker v. Wright, 154 Misc. 822, 823), this does not mean that the intent of the Legislature and the ordinary meaning of the word are to be disregarded, “ Know *768 ingly ” is sometimes construed to be used in the sense of “ intentionally ”, in which case it must be made to appear that the party charged was aware of the illegality of his conduct. A more general construction is that the word imports a knowledge of the essential facts from which the law presumes a knowledge of the legal consequences arising therefrom (Ballentine Law Dictionary, p. 721; 8 R. C. L., Criminal Law, § 12, p. 63). The defendant knew or should have known that a consent to publish was not available. It cannot place the guilt upon the agent whom it chose and absolve itself of responsibility. It was grossly negligent and reckless to publish a full body photograph of a nude woman revealing her identity without her written consent.
The defendant was permitted to offer much evidence in mitigation but that evidence is not a complete defense. (Roberts v. Conde Nast Pub., 286 App. Div. 729.) An ordinary photograph is not here involved. Defendant was bound to use more care before publishing and distributing an identifiable nude pose of a woman. Admittedly, the photograph is an excellent example of photography, but also admittedly, published without written consent of the subject. The plaintiff should receive damages for mental stress and for injury to her property interest inherent and intricably woven in her personality (Manger v. Kree Inst. of Electrolysis, 233 F. 2d 5 [C. A., N. Y., 1956]). While such damages are at times difficult to ascertain and to measure by pecuniary standards, nevertheless recovery should be granted to compensate the plaintiff for mental distress and disturbance of peace of mind as well as to deter the defendant and others from like action (Fisher v. Rosenberg, Inc., 175 Misc. 370, 371; Gautier v. Pro-Football, 278 App. Div. 431, 438, affd. 304 N. Y. 354; Binns v. Vitagraph Co., 147 App. Div. 783, 786-787, affd. 210 N. Y. 51). The measure of damages should be left to the sound discretion of the trier of the facts (McCormick on Damages, pp. 318-319; Binns v. Vitagraph Co., supra).
The defendant violated section 50 of the Civil Rights Law of this State and is liable for damages to the plaintiff under section 51 of that law. It published a photograph of the plaintiff without having her written consent. It relied on another, and this has been considered in mitigation but it must bear responsibility for the error and the violation of plaintiff’s right of privacy. Judgment for the plaintiff for $1,500. Ten days’ stay, 60 days to make a case.