Robert M. Doscher, J.
Plaintiff has brought this action for a decree enjoining defendants from using his surname for advertising or trade purposes and for incidental damages, both compensatory and general.
Historically, plaintiff and defendant Kennedy were husband and wife until July, 1954. During the existence of that relationship a dog kennel business was established and, though ownership was claimed by plaintiff, was operated until 1951 by their joint efforts. In 1951, the parties separated and defendant Kennedy, then known by her marriage name of Fullerton, went into a similar business with her codefendant at another location. By an agreement made March 24, 1954, between plaintiff and defendant Kennedy, she was to discontinue using the name Fullerton in the event of a divorce. A decree of divorce was obtained out of this State in July, 1954.
Plaintiff claims four specific instances when his name was used in violation of section 50 of the Civil Rights Law. The first of these is the use of the name “ Fullerton ” on the lawn in front of defendants’ place after July, 1954. The court finds a failure to prove by a preponderance of credible evidence such ass after the divorce.
*503 The next use complained of was a listing in the 1955 telephone directory. Such listing existed but whether it could have been avoided, in the light of prior legal listings, does not appear. In any event, it was discontinued thereafter.
Thirdly, the plaintiff complains of an advertisement in a Bronxville paper setting forth the chango of name from Fullerton to Kennedy. This advertisement was not only instigated by, but was insisted upon by, plaintiff. He should not now be heard to complain about the relative size of the type face.
Finally, there is an advertisement in the “ Yellow Pages ” of the 1957 Westchester telephone directory. This advertisement is under the trade name of defendants, Ludworth Kennels, and indicates the names of the defendants as partners. Parenthetically appended to the name of defendant Kennedy are the words ‘ ‘ neé Fullerton ’ ’. How they got there is not shown; the only exhibit, aside from the book containing the advertisement, is the application for the insertion and, though signed by the defendant Kennedy, contains no reference to Fullerton.
Regardless of what the situation may have been in the past (and it is not necessary to make further specific findings thereon), at the present time a violation of plaintiff’s rights is neither being committed nor threatened. Si&ce equity must speak as at the time of the decree, injunctive relief may not be granted (Shaw’s Jewelry Shop v. New York Herald Co., 170 App. Div. 504, affd. 224 N. Y. 731; 1130 President St. Corp. v. Bolton Realty Corp., 300 N. Y. 63).
By his own admission, plaintiff has been unable to establish any damage for which compensation should be granted. The record is devoid of any showing that defendants acted with malice, even if there would have been found a technical violation of plaintiff’s rights. Such malice should be found before exemplary damages are imposed to punish defendants. In any event, the main relief sought, injunctive in nature, being denied, damages must likewise be denied. Equity’s function goes no further than to — award .damages as an incident tó" oiffier-relief and punitive damages may not be awarded in" an equity cause (Dunkel v. McDonald, 272 App. Div. 267, affd. 298 N. Y. 586).
The complaint, as a whole, must be dismissed. ~
The foregoing shall constitute the decision of the court.
Submit judgment on notice.