Harry T. Nusbaum, J.
This action was instituted by the plaintiff, Gerald Rosenberg, popularly known to television viewers as “ Jerry ” of “ What’s the story, Jerry ” fame. His sales pitch to civil service and union employees is well known and the use of the expressions “What’s the story?” and “That’s the story” in singsong Brooklynese are all too frequently heard and imitated.
The action is to permanently restrain and enjoin the defendant from the use of the plaintiff’s name and photograph for advertising purposes. In addition to the requested permanent injunction the plaintiff seeks damages in the sum of $5,000,000 for the unauthorized use of his name and photograph.
There is no dispute of the underlying facts. On November 4, 1973 there appeared in the Spanish language newspaper El Biario-La Prensa an advertisement which contained a picture of the plaintiff with a balloon emanating from his lips bearing the statement, which when translated into English reads as follows: “No * * * Jerry, that is not the thing. The fact is that Lee’s Carpet and Furniture Warehouse Outlet, Inc. is a furniture store where you don’t have to be a member of a union ur a civil service employee * * *! This is the place where everybody gets the same prices lower than at retail prices.”
The written consent of the plaintiff to the publication and use of his name and photograph in the advertisement had not been first obtained as required by sections 50 and 51 of the Civil Rights Law. On November 13, .1973 immediately after the commencement of this action and the service upon the defendant El Diario Publishing Co. of a motion for a temporary injunction *481 the attorney for El Diario agreed in writing that his client would not again publish the advertisement in question pending a hearing on the motion. On November 20, 1973 in an affidavit submitted in opposition to the motion to enjoin the defendant, El Diario stated it had no intention of again publishing the advertisement or to “ ever use the name, portrait or picture of the plaintiff for advertising purposes or for the purpose of trade ’ ’ without first obtaining his written consent.
The temporary injunction was nevertheless granted and upon the trial of this action the defendant El Diario reiterated the statement contained in the affidavit and both defendants indicated that they had no objection to the granting of the injunctive relief sought by the plaintiff.
A clear violation of section 51 of the Civil Eights Law is present and the sole issue before me is whether or not the plaintiff is entitled to recover damages, either compensatory, exemplary or both for the unauthorized use of his name and photograph.
Under the common law the right of action here pursued was not actionable (Robertson v. Rochester Folding Box Co., 171 N. Y. 538) and in the absence of section 51 of the Civil Eights Law no damages would be recoverable. The plaintiff in his testimony stated that more than $1,500,000 had been spent publicizing and making his face familiar to television viewers; that commercials bearing his face and speech appear on the television screen more than 350 times weekly; and that he has received as much as $5,000 for the use of his picture and endorsement of a product in an advertisement which appeared once in the New York Daily News.
“ Jerry”, his hard hat and presuasive hard sell apparently is a valuable commercial commodity and the unauthorized use of that commodity for advertising purposes without payment therefor should not be permitted or condoned. Such use is in effect a theft of a valuable property right that this plaintiff has labored long and mightily to create.
Unfortunately for the plaintiff little proof was adduced before me that would justify any award of substantial compensatory damages. The many telephone calls received by the plaintiff as a result of the misleading nature of the advertisement were, I am sure, upsetting to the plaintiff, but his claim that the advertisement actually resulted in a loss of business to him has not been -substantiated. Annoyance and irritation are transitory in nature and cannot be accurately measured in damages. “ A plaintiff seeking compensatory damages has the burden of proof *482 and should present to the court a proper basis for ascertaining the damages he seeks to obtain. They must be susceptible of ascertainment in some manner other than by mere conjecture or guess work.” (Dunkel v. McDonald, 272 App. Div. 267, 270; Broadway Photoplay Co. v. World Film Corp., 225 N. Y. 104, 109.) At this point, therefore, I have before me a wrong committed by two defendants without any real proof as to any actual damages suffered by the plaintiff.
The provisions of section 51 of the Civil Rights Law provide for the recovery of damages for injury sustained, for the unlawful use of a person’s name and/or portrait or picture and states further: “the jury, in its discretion, may award exemplary damages.” The position taken by one of the defendants in this matter is that only a jury may award exemplary damages. I do not agree. As the trier of the facts, I am of the opinion I have the same right to award exemplary damages as was vested in a jury by the statute. It cannot be seriously ,urged that a plaintiff who waives the right to a trial by jury also waives the right to exemplary damages granted by the statute.
Exemplary damages are defined in Black’s Law Dictionary (4th. ed. [rev.], pp. 467-487) as “ damages on an increased scale, awarded to the plaintiff over and above what will barely compensate him for his property loss, where the wrong done to him was aggravated by * * * malice, fraud, or wanton and wicked conduct on the part of the defendant, and are intended to solace the plaintiff for mental anguish, laceration of his feelings, shame * * * or else to punish the defendant for his evil behaviour or to make an example of him ’
From the facts adduced at the trial it would appear that El Diario was at most a technical violator of the Civil Rights Law. It received the advertisement submitted to it by the defendant Lee’s Carpet and Furniture Warehouse Outlet, Inc. and unfortunately did not take the time to check whether proper consent had first been obtained from the plaintiff prior to the publication of the advertisement. Upon being advised of the violation it immediately agreed to stop the publication and thereafter agreed to never again publish or use the plaintiff’s name or portrait without first obtaining his consent. It received no material benefit from the unlawful publication, unless it is assumed the plaintiff’s advertisement would have used less space without the plaintiff’s name and picture complained of. Under the circumstances, therefore, and only in order to impose upon the newspaper publisher a realization that more care should be used when a public figure’s picture or name is published in. *483 advertising matter, I direct a judgment to be entered in favor of the plaintiff against El Diario Publishing Co., Inc. in the sum of $500 as exemplary damages.
With respect to the defendant Lee’s Carpet and Warehouse Outlet, Inc., however, no excuse has been offered for the publication and use of plaintiff’s picture and name, and it is evident that it was deliberately used for commercial gain. Having observed the plaintiff at the trial of this action I am quite sure that he is not easily humiliated and that he did not suffer any shame or degradation as a result of this unauthorized publication. However, the blatant use by this defendant of the plaintiff’s property which by its very nature is peculiarly his own cannot be allowed to go unpunished. I therefore grant judgment against the defendant Lee’s Carpet and Furniture Warehouse Outlet, Inc., in the sum of $3,500 as exemplary damages.
Although actually consented to, my research reveals that the injunctive relief requested cannot be granted. The extraordinary relief afforded by an injunction is protection for the future and is not proper unless there is imminent danger of an injury (Electrolux Corp. v. Val-Worth, 6 N Y 2d 556). The granting of an injunction in this proceeding would constitute a meaningless act. At the present time no violation of the plaintiff’s rights is either being committed or threatened. Equity must speak as of the time of the decree. The injunctive relief cannot now be granted (Fullerton v. Kennedy, 19 Misc 2d 502; 1130 President St. Corp. v. Bolton Realty Corp., 300 N. Y. 63).
“ That’s the story, Jerry! ”