OPINION OF THE COURT
Norman C. Ryp, J.
Motions Nos. 10 and 149 are consolidated for disposition herein.
Is one unconsented series of (still) pictures of its employees by a major bank to advertise its electronic customer services (ECS) department at a trade show worth $300,000 in an unprecedented CPLR 901 and 902 class action under section 51 of the Civil Rights Law? What, if any, legal action, class or individual, lies against a chemical reaction by an impressive first class of its kind.
Plaintiff, Neville Caesar, upon behalf of himself and all other employees (who are not celebrities nor public figures) of Chemical Bank similarly situated moves (1) for summary judgment on their first cause of action pursuant to CPLR 3212 and (2) for an order certifying as a class pursuant to CPLR 901 and 902 those individuals: (a) who were employed by defendant Chemical Bank’s electronic customers service department (ECS Dept.) in February, 1978; (b) had their pictures taken by defendant; and (c) *119 said pictures were then used by defendant for advertising purposes without their written consent in violation of section 51 of the Civil Rights Law.
Defendant, Chemical Bank, cross-moves to dismiss the remaining first cause of action for failure to timely move for class certification, pursuant to CPLR 902.
In February, 1978, defendant took photographs of plaintiff and 38 coemployees at the ECS department to use for advertising purposes. Subject photographs were distributed to the general public and at national and international sales conferences.
The first cause of action in the complaint alleges that without obtaining the written consent of ECS department employees, defendant knowingly used their photographs in advertisements in violation of section 51 of the Civil Rights Law.
In support, plaintiff Caesar contends the ECS department employees were never informed of the purpose for which the photographs were taken; plaintiff nor any prospective class members ever signed a consent to their use nor was consent to their use ever requested; in May, 1978 when defendant gave ECS Dept, employees time off to view the Chemical Bank sales display at the New York Hilton (Hotel), plaintiff first saw the photographs and defendant’s use thereof; the 60-day requirement of CPLR 902 is not a Statute of Limitations, and, if so, such was tolled, pending a decision of plaintiff’s appeal from the order of Justice Andrew R. Tyler, entered July 22, 1980 by the Appellate Division, First Department, which unanimously affirmed said order of Justice Tyler dismissing plaintiff’s second cause of action on October 22, 1981 (see 84 AD2d 692) and, thus, an extension should be granted pursuant to CPLR 2004.
In opposition, defendant contends it was served with the pleadings on or about April 21, 1980 and interposed its answer on or about May 9,1980; plaintiff’s motion for class certification is clearly made after the statutory 60-day period; defendant acknowledges use of Caesar’s photographs at the 1978 annual trade show and at various branch locations and that plaintiff did not sign any release *120 or consent, pursuant to section 51 of the Civil Rights Law; that defendant used the photographs of 38 other employees without their written consent; and that all of its employees gave their implied or oral consent; no one was damaged by defendant’s use of the photographs.
Section 51 of the Civil Rights Law pertinently states in part: “Any person whose name, portrait or picture is used within this state for advertising purposes or for the purposes of trade without the written consent first obtained * * * may maintain an equitable action in the supreme court of this state against the person, firm or corporation so using his name, portrait or picture, to prevent and restrain the use thereof; and may also sue and recover damages for any injuries sustained by reason of such use and if the defendant shall have knowingly used such person’s name, portrait or picture in such manner as is forbidden or declared to be unlawful by [the last] section * * * the jury, in its discretion, may award exemplary damages” (as added by L 1909, ch 14, eff Feb. 17,1909, as amd by L 1911, ch 226, L 1921, ch 501, eff May 3, 1921, L 1979, ch 656, eff Sept. 1, 1979; see, also, Andretti v Rolex Watch U. S. A., 56 NY2d 284; Arrington v New York Times Co., 55 NY2d 433.) Pursuant to section 51 of the Civil Rights Law, the use of subject photographs, absent written consent, is an invasion of privacy for which plaintiff is entitled to compensatory damages. Exemplary or punitive damages can be awarded upon proof that defendant knowingly used the photographs. (Welch v Mr. Christmas, 57 NY2d 143; Lerman v Chuckleberry Pub., 496 F Supp 1105; Brinkley v Casablancas, 80 AD2d 428.)
The criteria governing class action certification are set forth in CPLR 901 and 902 (L 1975, ch 207, eff Sept. 1, 1975), including numerosity; predominate questions of law and fact; typicality of claims; fair representation of the whole class; and class action is a superior method of adjudication. It appears that the factual and legal issues presented herein clearly warrant class action certification; the potential class is 38 persons; common questions of law and fact predominate over questions affecting only individual members; the identical violation of section 51 of the Civil Rights Law allegedly occurred. (See Eisen v Carlisle & *121 Jacquelin, 417 US 156; Escott v Bar chris Constr. Corp., 340 F2d 731, cert den sub nom. Drexel & Co. v Hall, 382 US 816; Wolfson v Solomon, 54 FRD 584.) The fact that plaintiff and his prospective class are defendant’s employees is no bar to a section 51 action. (See Wrangell v Hathaway Co., 22 AD2d 649; Welch v Mr. Christmas, supra.) In view of the fact that defendant moved, under CPLR 3211 (subd [a], par 7), to dismiss the second cause of action for legal insufficiency simultaneously with service of its answer to the complaint on or about May 9, 1980 and that until the decision of the Appellate Division, First Department, was rendered on October 22, 1981, the nature and size of the class could not be defined sufficiently to move for certification, this court deems plaintiff’s CPLR 901 and 902 motion for class action certification timely.
Accordingly, plaintiff’s CPLR 901 and 902 motion for class action status is granted. Further, defendant herein has acknowledged it used subject photographs for advertising and trade purposes and did not obtain the written consent of any plaintiff. Defendant’s claim of oral consent is only a partial defense in mitigation of damages. (Lomax v New Broadcasting Co., 18 AD2d 229.) Having conceded liability, plaintiff’s CPLR 3212 motion for summary judgment on the first cause of action is granted on the issue of liability only.
Settle order providing for notice to all potential class members and for placement of this action, upon payment of the appropriate fees and filing a note of issue and statement of readiness on the appropriate calendar for an inquest on damages only.