OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified by granting defendant’s motion for permission to proceed with pretrial disclosure and, as so modified, the order should be affirmed, with costs. The certified question is answered in the negative.
Neither oral nor implied consent is a complete defense to a privacy action under Civil Rights Law § 51 (Lomax v New Broadcasting Co., 18 AD2d 229). Written consent is explicitly *701 required by the statute and any change in that unambiguous requirement must come from the Legislature (see, Parochial Bus Sys. v Board of Educ., 60 NY2d 539, 548-549). Accordingly, plaintiffs motion for partial summary judgment as to liability on the first cause of action was properly granted. Moreover, Special Term’s certification of the action as a class action involved no abuse of discretion. However, inasmuch as oral and implied consent are available as partial defenses in mitigation of damages (Lomax v New Broadcasting Co., supra), defendant is entitled to disclosure of facts relevant to those issues in preparation for the inquest on damages.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Titone concur; Judge Alexander taking no part.
On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order modified in accordance with the memorandum herein and, as so modified, affirmed, with costs to appellant. Question certified answered in the negative.