■ DAVID R. ZARIN et al., Respondents-Appellants, v REID & PRIEST et al., Appellants-Respondents.—Order of the Supreme Court, New York County (William J. Davis, J.), entered on September 19, 1991, which, *inter alia,* granted defendants' motion, pursuant to CPLR 3211 (a) (1) and (7) to dismiss the plaintiffs' amended complaint only to the extent of dismissing portions of the first cause of action which sought to recover damages for loss of plaintiffs' "good reputation" and "creditworthiness", is unanimously modified on the law, to grant the defendants' motion and the entire complaint is dismissed and as so modified, the order appealed from is affirmed, with costs and disbursements payable by plaintiffs. The Clerk is directed to enter judgment in favor of the defendants dismissing the entire complaint, with costs.

Plaintiff David Zarin was a compulsive gambler who gambled on credit at the Resorts International Casino in Atlantic City, accumulating losses totaling $3,435,000. After litigation was commenced by Resorts against Mr. Zarin, he agreed to pay $500,000 in full settlement of the entire $3,435,000 claim.

Thereafter, the Internal Revenue Service (IRS) issued a Notice of Deficiency claiming the plaintiff's gambling on credit resulted in $3,435,000 of income in 1980 from "larceny by trick and deception". Plaintiffs then retained defendant Reid & Priest to begin a proceeding in the Tax Court to overturn the deficiency. In addition to its initial claim of larceny income, the IRS alleged the plaintiff realized $2,935,000 in taxable income in 1981 from the $500,000 settlement of the $3,435,000 claim by Resorts. In May 1989, the Tax Court by an 11 to 8 vote ruled in favor of the IRS, and plaintiffs dismissed the defendant law firm. Thereafter, plaintiffs, by new counsel, moved for reconsideration on the grounds of "insolvency" at the time of the settlement, but the Tax Court denied this motion for reconsideration. Upon appeal, the

United States Court of Appeals for the Third Circuit, without considering the plaintiffs' alleged "insolvency" defense, held in favor of plaintiffs for the same reasons urged by defendant Reid & Priest in the Tax Court.

The plaintiffs had commenced this action for legal malpractice and breach of fiduciary duty against Reid & Priest, and the individual defendant-attorneys while the appeal was pending in the Third Circuit alleging that defendants had failed to assert the so-called "insolvency defense". After the October 1990 decision of the Circuit Court, plaintiffs served an amended complaint alleging in a first cause of action for legal malpractice that defendants were negligent in failing to ascertain and raise the fact that the plaintiffs were insolvent at the time the IRS claimed that plaintiffs realized income from the cancellation of their Resorts indebtedness, and plaintiffs were determined to be liable for a 1981 deficiency totaling over $5 million. While the plaintiffs admitted, in the amended complaint, that the Tax Court judgment had been reversed, and plaintiffs were no longer liable for any tax deficiency, they alleged losses as a result of business ventures that failed as a result of an inability by plaintiff David Zarin to marshall previously available lines of credit and other financing necessary in his business as a developer of real estate and the loss of his "good reputation" and "credit-worthiness".

The second cause of action for breach of fiduciary duty, after repeating the allegations of negligence in the first cause of action, alleged that defendants engaged in a course of conduct designed to cover up their negligence by failing to "admit their error" and offering plaintiffs a false affidavit which justified their conduct and concealed their negligence. Plaintiffs demanded compensatory damages in the sum of $100,000,000 and punitive damages in the amount of $750,000,000.

The IAS court granted defendants' motion to dismiss the amended complaint only to the extent of dismissing those portions of the first cause of action which sought damages for loss of the plaintiffs' "good reputation" and "credit-worthiness" as being too remote, contingent and speculative, but otherwise denied defendants' motion.

In order to establish the elements of proximate cause and actual damages in a malpractice case, the plaintiff must show that but for the attorney's negligence, what would have been a favorable outcome was an unfavorable outcome. The test is "whether a proper 'defense would have altered the result of the prior action' " (*Carmel v Lunney*, 70 NY2d 169, 173;

*Pacesetter Communications Corp. v Solin & Breindel,* 150 AD2d 232, 233, *lv dismissed* 74 NY2d 892). Further, "the 'selection of one among several reasonable courses of action does not constitute malpractice' ". *(Bernstein v Oppenheim & Co.,* 160 AD2d 428, 430.) Thus, we have previously noted: "The rule in a legal malpractice action is that a plaintiff must demonstrate not only that actual damages have been sustained, but also that counsel's negligence was the proximate cause of the loss *(O'Brien v Spuck,* 99 AD2d 910, 911). Plaintiff has failed on both counts. Plaintiff and her attorney were successful in frustrating the attempts of the landlord and the Department of Housing Preservation and Development to effect the removal of the violations for some four years. Plaintiff will not be heard to complain that this result was not achieved in the precise manner she would have preferred." *(Novak v Fischbein, Olivieri Rozenholc & Badillo,* 151 AD2d 296, 299.)

It is clear, therefore, that the IAS court erred in denying defendants' motion to dismiss the first cause of action in its entirety. The plaintiffs herein prevailed by reason of the arguments and legal defense raised by defendant Reid & Priest. Since the Tax Court's initial rejection of these defenses was reversed by the Federal Court of Appeals, the plaintiffs paid no part of the $5.2 million judgment entered against them. Further, the legal defense which plaintiffs assert the defendants should have raised, i.e., plaintiffs' alleged insolvency at the time of the Resorts settlement, was not the basis of the Circuit Court's reversal, and the Tax Court, on a motion for reconsideration dismissed this "insolvency defense" as "highly questionable" and as "far less than certain to succeed". Thus, not only do plaintiffs' conclusory allegations amount only to "second-guessing" of defendants' strategy, they ignore the fact that the legal defense actually interposed by defendant law firm actually prevailed.

The second cause of action is also fatally deficient since there is no independent cause of action for "concealing" malpractice. *(See, Spinosa v Weinstein,* 168 AD2d 32, 41-42; *LaBrake v Enzien,* 167 AD2d 709, 711.) This cause of action merely rehashes the allegations of the malpractice claim and does not allege any independent intentional tort.

Further, the IAS court erred in finding that plaintiffs' financial losses as a result of failed business ventures, because of an inability to marshal previously available lines of credit, were recoverable as consequential damages. The damages claimed in a legal malpractice action must be "actual and

ascertainable" resulting from the proximate cause of the attorney's negligence *(Ressis v Wojick,* 105 AD2d 565, 567, *lv denied* 64 NY2d 609, *rearg denied* 65 NY2d 785). Here, the damages claimed by plaintiffs are "too speculative and incapable of being proven with any reasonable certainty" *(Brown v Samalin & Bock,* 168 AD2d 531, 532). In addition defendant law firm was engaged to defend plaintiffs with respect to their personal tax liability resulting from David Zarin's gambling activities. The complaint does not allege that these legal services were, in any way, related to Mr. Zarin's unidentified "business ventures", or that the defendants gave erroneous legal advice with respect to any such separate and unrelated venture. Thus the claimed lost profits were not only speculative but also not the proximate result of any claimed negligence by defendants.

Likewise, the claim for punitive damages should have been stricken as insufficient as a matter of law. The plaintiffs failed to allege facts demonstrating that the defendants' conduct was so outrageous as to evince a high degree of moral turpitude and showing such wanton dishonesty as to imply a criminal indifference to civil obligations *(see, Walker v Sheldon,* 10 NY2d 401, 405).

Finally, the IAS court properly dismissed those portions of the first cause of action which sought to recover for loss of plaintiffs' "good reputation" and "credit-worthiness", as "far-fetched" and speculative in accordance with the discussion herein *supra.* Concur—Murphy, P. J., Milonas, Ellerin, Asch and Rubin, JJ.