■ N. THOMAS WALKER, Respondent, v BETTY J. STROH et al., as Coexecutors of CHARLES STROH, Deceased, Appellants. [596 NYS2d 213] —Harvey, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Jiudice, J.), entered October 31, 1991 in Dutchess County, which, inter alia, denied defendants' cross motion to dismiss plaintiff's claims for punitive damages and emotional distress.

Charles Stroh (hereinafter Stroh) was formerly employed as an attorney for plaintiff. Stroh represented plaintiff in a matter involving the sale of stock in a corporation, Dutchfield Farms, Inc., whose principal asset was a farm which encompassed over 650 acres of land and included several buildings. Plaintiff owned the land with his father and, in a written agreement dated December 30, 1986, plaintiff and his father agreed to sell the shares of Dutchfield Farms to Andre Melief. As part of this agreement it was stated that plaintiff could retain possession of a house located on the farm rent-free. The

agreement also provided that plaintiff would be paid $100,000 upon his vacating the premises. When plaintiff indicated that he would vacate the premises, however, Melief refused to pay the $100,000 and eviction proceedings were later instituted in an attempt to remove plaintiff. These proceedings were apparently terminated in favor of plaintiff, who still retains possession of the house on the property.

Thereafter, plaintiff commenced this action against Stroh alleging causes of action in legal malpractice and breach of contract with respect to Stroh's handling of the stock sale agreement. Among other things, plaintiff alleged that Stroh negligently described the property subject to the agreement and falsely told him that the $100,000 to be paid by Melief was a secured amount. Following joinder of issue, plaintiff moved to strike the affirmative defenses in Stroh's answer. Stroh made a cross motion requesting that plaintiff's claim for "emotional distress" be dismissed along with plaintiff's demand for punitive damages. Supreme Court granted plaintiff's motion and denied Stroh's cross motion. Stroh filed a notice of appeal but died during the pendency of this appeal. As a result, the coexecutors of his estate have been substituted as the named defendants.

Initially, we agree with Supreme Court that Stroh improperly asserted that plaintiff's complaint stated a claim for intentional infliction of emotional harm. The complaint only stated two causes of action: legal malpractice and breach of contract. The language targeted by Stroh in the complaint stated only that as a result of Stroh's alleged misdealing with him plaintiff suffered emotional distress. This language does not set out a separate claim or tort but merely describes a part of the damages plaintiff claims to have suffered, an issue which will be resolved at the trial of this action.

With respect to Stroh's request to strike the punitive damage claim from the ad damnum clause, however, we reach a different result. Upon close examination of the complaint we find that the claim for punitive damages should have been stricken as insufficient as a matter of law. Plaintiff failed to allege facts demonstrating that Stroh's conduct "was so outrageous as to evince a high degree of moral turpitude and showing such wanton dishonesty as to imply a criminal indifference to civil obligations" (*Zarin v Reid & Priest,* 184 AD2d 385, 388).

Mikoll, J. P., Yesawich Jr., Mercure and Crew III, JJ., concur. Ordered that the order is modified, on the law, with-

out costs, by reversing so much thereof as denied that portion of the cross motion seeking to strike plaintiff's demand for punitive damages; cross motion granted to that extent and said claim dismissed; and, as so modified, affirmed.