■ JAMES SUMMERVILLE, Appellant, v MILDRED S. LIPSIG et al., Respondents. [704 NYS2d 598] —Order, Supreme Court, New York County (Carol Huff, J.), entered March 15, 1999, which granted defendants' motion to dismiss this action for legal malpractice on the ground that it does not state a cause of action, unanimously affirmed, without costs.

Plaintiff, an innocent bystander to a bank robbery, was shot by an off-duty police officer, in violation of established police guidelines governing the use of deadly force (*Summerville v City of New York*, 257 AD2d 566, *lv denied* 94 NY2d 755). He retained defendant law firm, which filed a suit on his behalf against the City but not against the officer. After the law firm was relieved as counsel, new counsel tried the case. The jury awarded plaintiff $29,257,316.16 in compensatory damages, which was reduced by the trial court, with plaintiff's consent, to $5,057,316.16, and, after this action was instituted, reduced again by the Appellate Division, Second Department, to $3,057,316.16 (*supra*). Plaintiff now alleges that the law firm's failure to join the officer deprived him of the opportunity to seek, among other things, punitive damages in the underlying action, which are not recoverable from a municipal defendant (*see, Sharapata v Town of Islip*, 56 NY2d 332), and argues that the law firm is therefore liable to him in malpractice for the loss of this claim. We do not agree. It would be "illogical" to hold the law firm liable for causing the loss of a claim for punitive damages which are meant to punish the wrongdoer and deter future similar conduct (*Cappetta v Lippman*, 913 F Supp 302, 306). Recognition of plaintiff's claim would not further the purpose of punitive damages to punish and deter (*cf., Home Ins. Co. v American Home Prods. Corp.*, 75 NY2d 196). We have considered plaintiff's other arguments and find them unavailing. Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.