Brooks v Lewin (2004 NY Slip Op 50732(U))

[*1]

Brooks v Lewin

2004 NY Slip Op 50732(U)

Decided on May 13, 2004

Supreme Court, New York County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 13, 2004

Supreme Court, New York County
STEVI BROOKS Plaintiff,
against
HARLEY I. LEWIN and LEWIN & LAYTON, P. C. Defendants.
120947/93

Leland DeGrasse, J.
Defendants in this legal malpractice action move for summary judgment. Plaintiff, a garment designer, is the president of Beverly Hills Design Studio, Inc. (BHDS). On or about April 14, 1987, BHDS entered into a confidentiality agreement with Morris Sales, Inc. (Sales). The agreement contemplated BHDS's disclosure to Sales of its confidential and proprietary information for use in the production of garments designed and sold by BHDS. The agreement prohibited Sales from disclosing any of BHDS's confidential information to anyone without BHDS's prior written consent. The business relationship between BHDS and Sales was marked by numerous disputes and ended in 1987. Plaintiff asserts that Sales and its principal, James Morris, actively solicited BHDS's retail accounts and wholesale business resources by using information protected by the confidentiality agreement. On or about April 27, 1988 plaintiff and BHDS retained defendants to represent them with regard to their claims against Sales and others. On August 24, 1988, BHDS and plaintiff, with defendants' representation, filed an action in the United States District Court for the Southern District of New York against Morris, various entities he owned and / or controlled and several of BHDS's competitors (Beverly Hills Design Studio (NY) v Morris Civ. No. 88-cv-5886). Copyright infringement, trademark infringement, violations of the Racketeer Influenced Corrupt Organizations Act (RICO) and various state law claims were set forth in the underlying complaint. Following motion practice all claims except the RICO and certain state law claims asserted against Sales and Morris were dismissed.
In the instant complaint it is alleged that defendants committed malpractice in the federal action by failing to move for an order preliminarily enjoining Sales and Morris from violating the confidentiality agreement. Plaintiff further asserts that BHDS was forced to go out of business as a result of the alleged malpractice. Defendants seek summary judgment on the ground that plaintiff cannot establish that their alleged malpractice was a proximate cause of BHDS's losses. Here defendants cite evidence that BHDS lost its business with Target, a major retailer, due to delivery and quality problems; evidence of production problems which caused BHDS's business with J. C. Penney to decline; and evidence that the company's business actually thrived after defendants' representation of it ended. A plaintiff's burden in a legal malpractice action is to prove actual and ascertainable damages "resulting from the proximate cause of the attorney's [*2]negligence" (Zarin v Reid & Priest, 184 AD2d 385). Such a burden does not require proof that the attorney's negligence is the sole cause of all of the client's losses. BHDS's legal malpractice claim is not precluded by the fact that it has sustained losses due to other factors.
Defendants also invoke the doctrine of judicial estoppel as a bar to plaintiff's claim that their malpractice caused her to sustain damages. The doctrine is intended to prevent abuses of the judicial system by which a party obtains relief by maintaining one position, and later, in a different action, maintains a contrary position (D & L Holdings v RCG Goldman Co., 287 AD2d 65, 71-72 lv denied 97 NY2d 611). Defendants assert that plaintiff's claim is precluded by relief she supposedly obtained in Brooks v Zurich American Insurance Group (300 AD2d 176). BHDS had been insured by Zurich under property and liability policies. Plaintiff filed claims under the policies stemming from losses caused by sabotage at BHDS's factory. By the fifth cause of action of the Zurich complaint, plaintiff alleges that the insurer's inordinate delay in processing her claims effectively cost her business. In rendering its decision, the Appellate Division reinstated the fifth cause of action after the same had been dismissed by the IAS court. Judicial estoppel does not apply because it cannot be said that plaintiff obtained relief by virtue of the mere reinstatement of one of her claims. Moreover, as noted above plaintiff is not required to establish that defendants' malpractice was the sole cause of her business losses.
Defendants next assert that there is no evidence that there is no evidence that a preliminary injunction would have been granted. Here they rely upon the district court's dismissal of most of BHDS's claims. At his deposition Lewin acknowledged that defendants were of the belief that Morris had breached the confidentiality agreement and that plaintiff "was getting hurt by it." This admission suffices to raise a triable issue of fact as to whether a preliminary injunction would have been granted if moved for. Defendants further argue that the malpractice claim against them is not viable because plaintiff "cannot show that, as a result of defendants' alleged negligence, she could not recover in the underlying action." This argument is wide of the mark in light of the fact that plaintiff's cause of action is predicated on defendants' failure to seek a preliminary injunction against Sales and Morris. For the foregoing reasons defendants' motion is denied.
Dated: May 13, 2004 
 J. S. C.