■ MURRAY R. BRAUN et al., Respondents-Appellants, v GLORIA MAY ROSENBLUM, Appellant-Respondent. [811 NYS2d 683]—

In an action to recover damages for legal malpractice, the defendant appeals, as limited by her brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated November 15, 2004, as, in effect, denied that branch of her motion pursuant to CPLR 3211 (a) (7) which was to dismiss the plaintiffs' claims for punitive damages relating to the underlying action, and the plaintiffs cross-appeal from the same order.

Ordered that the cross appeal is dismissed as abandoned (*see* 22 NYCRR 670.8 [c], [e]); and it is further,

Ordered that the order is reversed insofar as appealed from,

on the law, and that branch of the motion which was to dismiss the plaintiffs' claims for punitive damages relating to the underlying action is granted; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The defendant contends that the Supreme Court erred, in effect, in denying that branch of her motion which was to dismiss the plaintiffs' claims for punitive damages relating to the underlying action. We agree. "Although generally a defendant attorney is liable to the plaintiff for the claim he would have recovered in the dismissed suit . . . punitive damages are not included in this general claim theory" (*Cappetta v Lippman*, 913 F Supp 302, 306 [1996] [citation omitted]). Thus, the plaintiffs may not recover in the instant legal malpractice action for any punitive damages that were "lost" when the underlying personal injury action was dismissed (*see Summerville v Lipsig*, 270 AD2d 213 [2000]). Accordingly, to the extent that the Supreme Court found that the plaintiffs were not precluded from "making a claim for punitive damages [relating to] the underlying action," the order should be reversed insofar as appealed from. Cozier, J.P., Ritter, Rivera and Fisher, JJ., concur.